STEPHEN J. SIMONI
StephenSimoni@yahoo.com
**SIMONI LAW OFFICES**
c/o Jardim, Meisner & Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone:  (917) 621-5795

*Counsel for Plaintiff John Sacchi*
     *and the Proposed Class*


**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**NEWARK DIVISION**

| | |
|---|---|
| JOHN SACCHI, Individually and on behalf of all others similarly situated, | Civ. No. ____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **CLASS ACTION** |
| CARE ONE, LLC and DOES 1 through 10, inclusive, | **JURY TRIAL DEMAND** |
| Defendants. | |

Plaintiff John Sacchi, Individually and on behalf of the Class defined below, brings this action for damages, restitution, statutory damages, punitive damages, sanctions, interest, court costs, attorneys' fees, and injunctive relief under rights created pursuant to federal statute under 28 U.S.C. section 1331 ("Federal Question"

1

Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of Defendants Care One, LLC (**"Care One"** or **"Company"**) and Does 1 through 10, inclusive, in contacting Plaintiff multiple times via Plaintiff's cellular telephone to solicit sales (**"Sales Calls"**) by utilization of an artificial or prerecorded voice (**"RoboCalls"**) in violation of the Telephone Consumer Protection Act, 47 U.S.C. section 227 *et seq.* (**"TCPA"**), and related claims that form part of the same case or controversy under 28 U.S.C. section 1367(a) ("Supplemental" Jurisdiction).

Company engaged in such illegal and tortious conduct as part of its scheme to engage in apparent labor law violations as the illegal phone calls sought to solicit attendance at purported "job fairs" after Company's treatment of existing and prior workers depleted the supply of prospective employees who may otherwise consider employment with Company.

Plaintiff demands a trial by jury, and complains and alleges as follows:

### INTRODUCTION

1. Defendant Care One, LLC (**"Care One"** or **"Company"**) is a for-profit limited liability corporation formed under the laws of the State of Delaware that markets and sells, *inter alia*, residential health services to medically compromised individuals throughout the Eastern United States seaboard.

2. Plaintiff brings this action to challenge the Company's practices in telephone solicitations. Specifically, Plaintiff challenges Company's illegal sales calls, calls to cellular telephone numbers, and illegal use of RoboCalls.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern as to each member of the Class defined below.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d). This is a proposed class action involving more than one hundred (100) class members, at least one member of the putative class is a citizen of a state different from Defendants, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. This Court has jurisdiction over the Defendants in this action because Company maintains its corporate headquarters in Fort Lee, New Jersey.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(b) and (c) in that Company maintains its headquarters in Fort Lee, New Jersey, which is within the District of New Jersey's Newark Division.

**THE PARTIES**

6. Plaintiff John Sacchi ("Plaintiff") is an adult male who resides in this Judicial District.

7. Defendant Care One, LLC ("Company") is a corporation incorporated in the State of Delaware that maintains its corporate headquarters in this Judicial District.

8. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

9. At all times herein mentioned, Company and the Doe Defendants (collectively, "Defendants"), and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

10. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful

acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

**FACTUAL ALLEGATIONS**

12. In or about January 2014, Plaintiff received multiple telephone solicitations by Defendants to Plaintiff's cellular telephone number that Plaintiff first subscribed to in 2005 and has maintained since that time.

13. Plaintiff had not consented to any one, more, or all of the solicitations.

14. These unsolicited telephone calls were placed to Plaintiff's cellular telephone and utilized an "artificial or prerecorded voice" to transmit a message as prohibited by 47 U.S.C. section 227(b)(1)(B).

15. These telephone solicitations constituted "calls" under the TCPA that were *not* for emergency purposes.

16. Plaintiff did *not* provide any one, more, or all Defendants, nor any agent of Defendants, prior express consent to cause Plaintiff to receive telephone calls on

5

his cellular telephone that utilized an "artificial or prerecorded voice" to transmit a message.

17. Plaintiff had placed his cellular telephone number on the National Do-Not-Call Registry years prior to Defendants' first telephone call and never removed his telephone number therefrom.

18. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

19. The telephone Sales Calls therefore violated 47 U.S.C. section 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2).

20. 47 C.F.R. § 64.1200(c)(2) states that "No person or entity shall initiate any telephone solicitation, as defined in paragraph (f)(9) of this section, to: (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government. Such do-not-call registrations must be honored for a period of 5 years."

21. At the time Defendants made their illegal, prerecorded telemarketing call to Plaintiff's telephone number, that number was registered on the national do-not-call registry maintained by the federal government.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violation of 47 C.F.R.

§ 64.1200(c)(2) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

22.  47 C.F.R. § 64.1200(d)(2) states that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list."

23.  Because of the numerous violations Defendants committed with regard to do-not-call regulations, it is clear that Defendants have failed to adequately inform and train their employees in the existence and use of the do-not-call list.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1200(d)(2) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

**CLASS ACTION ALLEGATIONS**

24.  Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of each of those provisions.  The Class is defined as follows:

> All individuals who within the past four years (i) received one or more RoboCalls to a cellular telephone number from Defendants without express prior consent and in the absence of an emergency; (ii) received one or more RoboCalls to a residential telephone number from Defendants without express prior consent and in the absence of an emergency; and/or (iii) received two or more Sales Calls from Defendants within a 12-month period despite registration on the National Do-Not-Call Registry more than 29 days prior to at least two of the Sales Calls and despite the absence of a prior business relationship with Defendants.  Excluded from the Class are: (1) employees of the Defendants, including their officers or directors; (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.

25.  Plaintiff does not know the exact number of Class members because such information is in the exclusive control of the Defendants.  However, Plaintiff believes

that due to the nature of the trade and commerce involved, Class members are sufficiently numerous, most likely thousands of consumers, and geographically dispersed throughout the United States, and that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by the Defendants, because telephone calls are recorded in Defendants' billing statements provided by third-party communications carriers, as well as from general public notification.

26. Plaintiff's claims are typical of, and not antagonistic to, the claims of the other Class members because Plaintiff was injured by Defendants' practices and by asserting his claims, Plaintiff will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

27. The common legal and factual questions which do not vary from Class member to Class member, and which may be determined without reference to individual circumstances of any Class member, include, but are not limited to, the following:

    a. Did Defendants' RoboCalls violate the TCPA?

    b. Did Defendants' Sales Calls violate the TCPA?

      c.   What is the appropriate measure of damages for Defendants' TCPA violations?

      d.   Was Company unjustly enriched by the challenged practices? and

      e.   Are Plaintiff and the Class Members entitled to the injunctive and equitable relief requested herein?

28. These common questions and others predominate over questions, if any, that affect only individual members of the Class.

29. The claims of the representative Plaintiff are typical of the claims of the Class.  There are no material conflicts with any other member of the Class that would make class certification inappropriate.  Plaintiff and counsel will fairly and adequately represent the interests of the Class.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

31. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

32. Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

33. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
(Violations of the TCPA "RoboCall" Prohibition, 47 U.S.C. sec. 227 et seq.)

34. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

35. As a result of Defendants', and Defendants' agents, violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3)(B).

36. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
(Knowing and/or Willful Violations of the
TCPA "RoboCall" Prohibition, 47 U.S.C. sec. 227 *et seq.*)

37. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

38. As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3).

39. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**
(Violations of the TCPA "Sales Call"
Prohibition, 47 U.S.C. sec. 227 et seq.)

40. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

41. As a result of Defendants', and Defendants' agents, violations of 47 U.S.C. sec. 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. sec. 227 (c)(3)(F).

42. Pursuant to 47 U.S.C. sec. 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION
(Knowing and/or Willful Violations of the TCPA "Sales Call" Prohibition, 47 U.S.C. sec. 227 et seq.)

43. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

44. As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. sec. 227(c)(5).

45. Pursuant to 47 U.S.C. sec. 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

### FIFTH CAUSE OF ACTION
(Trespass to Chattel)

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. Defendants' conduct of making illegal prerecorded telemarketing calls to Plaintiff constituted a trespass to Plaintiff's telephone.  This trespass was significant and

substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.  Plaintiff has been damaged in an amount to be determined according to proof at trial.

48.  At no time did Plaintiff consent to this trespass.

49.  Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to punitive damages.

**SIXTH CAUSE OF ACTION**

(Conversion)

50.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51.  Defendants' conduct of making an illegal prerecorded telemarketing call to Plaintiff constituted a conversion of Plaintiff's telephone.  This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

52.  Plaintiff is therefore entitled to the entire value of his telephone, in an amount to be determined according to proof at trial.

53. At no time did Plaintiff consent to this conversion.

54. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

1. Certification of the proposed Class and notice and claims administration to be paid by Defendants;

2. Statutory damages;

3. Compensatory, general, incidental, and consequential damages according to proof;

4. Special damages according to proof;

5. Punitive damages to punish Defendants for their willful illegal and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

6. Restitution and disgorgement according to proof;

7. Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

8. Prejudgment interest at the maximum legal rate;

9. Costs of the proceedings herein;

    10.   Reasonable attorneys' fees; and

    11.   All such other and further relief as the Court deems just.

Dated:  February 3, 2014       Respectfully submitted,

                              By: ___/s/_____
STEPHEN J. SIMONI
StephenSimoni@yahoo.com
**SIMONI LAW OFFICES**
c/o Jardim, Meisner &
    Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone:  (917) 621-5795

*Counsel for Plaintiff John
  Sacchi and the Proposed
  Class*

**DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and all others similarly situated hereby requests a jury trial on all claims so triable.

Dated:  February 3, 2014          Respectfully submitted,


By:  ___/s/_____
STEPHEN J. SIMONI
StephenSimoni@yahoo.com
**SIMONI LAW OFFICES**
c/o Jardim, Meisner &
    Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone:  (917) 621-5795

*Counsel for Plaintiff John
  Sacchi and the Proposed
  Class*