**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
Attorneys for Defendant, Care One, LLC

| | |
|---|---|
| JOHN SACCHI, Individually and on behalf of all others similarly situated, | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiff, | Civil Action No.: 2:14-cv-00698(SDW)(MCA) |
| v. | **ORAL ARGUMENT REQUESTED** |
| CARE ONE, LLC and DOES 1 through 10, inclusive, | |
| Defendants. | |

**DEFENDANT, CARE ONE, LLC'S, MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SANCTIONS**

> Cole, Schotz, Meisel
> Forman & Leonard, P.A.
> A Professional Corporation
> Court Plaza North
> P.O. Box 800
> 25 Main Street
> Hackensack, NJ  07602-0800
> 201-489-3000
> 201-489-1536 (fax)
> Attorneys for Defendant Care One, LLC

Of Counsel:
    Michael D. Sirota, Esq.

Of Counsel and on the Brief:
    Jamie P. Clare, Esq.

47967/0009-10641729v3


# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS .....................................................................................................4

LEGAL ARGUMENT ..........................................................................................................10

    I.    PLAINTIFF AND MR. SIMONI ARE LIABLE FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 FOR REPEATEDLY ADVANCING FACTUAL ALLEGATIONS IN COURT FILINGS FOR AN IMPROPER PURPOSE AND WITHOUT EVIDENTIARY SUPPORT ..........................................................................................10

    II.    THIS COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO SANCTION PLAINTIFF AND MR. SIMONI FOR THEIR INEXCUSABLE ABUSE OF THE JUDICIAL SYSTEM ..............................................................................................14

CONCLUSION .....................................................................................................................15

47967/0009-10641729v3

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Amboy Bancorporation v. Jenkins & Gilchrist, 2007 WL 2746832 (D.N.J. Sept. 14, 2007) ...................................................................................................................................11

Chambers v NASCO, Inc., 501 U.S. 32 (1991) ..........................................................................14

Cuttr Holdings LLC v. Patimkin, 2008 WL 352675 (D.N.J. Feb.7 2008) ...................................11

Friedman v. Torchmark Corp., 2013 WL 1629084 (S.D. Cal. Apr. 16, 2013) .............................13

Gager v. Dell Financial Services, LLC, 727 F.3d 265 (3rd Cir. 2013) ..........................................4

Kopff v. World Research Group, LLC, 568 F.Supp.2d 39 (D.C.C. 2008) ...................................13

Leyse v. Bank of America, Nat. Ass'n., 2010 WL 2382400 (S.D.N.Y. June 14, 2010) ...............13

Lutz Appellate Services, Inc. v. Curry, 859 F. Supp. 180 (E.D. Pa. 1994) ..............................2, 13

Nyitray v. Johnson, 1998 WL 67651 (S.D.N.Y. Feb. 19, 1998), aff'd, 166 F.3d 1201 (2d Cir. 1998) ...................................................................................................................................11

Physicians HealthSource, Inc. v. Janssen Pharmaceuticals, Inc., 2013 WL 486207 (D.N.J. Feb. 6, 2013) ................................................................................................................2, 13

Republic. of the Phil. v Westinghouse Elec. Corp., 43 F.3d 65 (3d Cir. 1995) ............................14

Skidmore Energy, Inc. v. KPMG, 455 F.3d 564 (5th Cir. 2006) ..................................................11

Thomas Am. Corp. v. Fitzgerald, 175 F.R.D. 462 (S.D.N.Y. 1997) ............................................11

**STATUTES**

47 U.S.C. § 227 ...............................................................................................................1, 2, 4, 5, 12

**RULES**

Fed. R. Civ. P. 11 ..........................................................................................1, 3, 9, 10, 11, 13, 14, 15

Fed. R. Civ P. 12(c) .................................................................................................................3, 9

**REGULATIONS**

47 C.F.R. 64.1200(c)(2) ..........................................................................................................2, 5, 12

## **PRELIMINARY STATEMENT**

Defendant, Care One, LLC ("Care One"), respectfully requests that this Court, pursuant to Fed. R. Civ. P. 11 and the Court's inherent authority, impose sanctions against plaintiff John Sacchi ("Plaintiff") and his counsel, Stephen J. Simoni, Esq. ("Mr. Simoni"), for brazenly abusing the judicial system and knowingly making false statements in pleadings filed with the Court.  Specifically, Plaintiff and Mr. Simoni repeatedly have advanced factual allegations in the Complaint and in Plaintiff's motion for judgment on the pleadings that are patently false.  The factual allegations at issue in the Complaint are at the core of Plaintiff's allegations against Care One that it purportedly violated the Telephone Consumer Protection Act of 1991 (the "TCPA" or "Act"), and Plaintiff's standing to assert claims.  In Plaintiff's motion for judgment on the pleadings, Plaintiff and Mr. Simoni allege the same spurious "facts," and falsely assert that Care One admits in its Answer to the Complaint that it violated the TCPA, when clearly it denied any such violation.

In the Complaint, Plaintiff and Mr. Simoni have alleged again and again that Care One contacted Plaintiff multiple times via Plaintiff's cellular telephone to solicit sales or Plaintiff's attendance at a job fair, by use of an artificial or prerecorded voice, in violation of the Act.[1]  In reality, Mr. Simoni, who is Plaintiff's attorney, spouse and a registered nurse received the calls on *his* cellular telephone, announcing a Care One career fair for registered nurses and other

---

[1] Incredibly, in this TCPA case, Plaintiff and Mr. Simoni refused to provide Care One with Plaintiff's cellular telephone number – which is the sole basis of Plaintiff's claims – stating that they plan to withhold it and use it for impeachment purposes only.  See Declaration of Jamie P. Clare In Support Of Defendant's Motion For Sanctions ("Clare Declaration") ¶¶ 5-6, and Exhibits D and E.  They also failed to answer interrogatories seeking Plaintiff's cellular telephone number.  Clare Declaration, ¶ 11 and Exhibit H.  On July 31, 2014, after Care One served this motion, Mr. Simoni confirmed the cellular telephone at issue is his number.

licensed healthcare professionals for Care One's facility in Monmouth County, New Jersey.[2]

There were no sales offered, as alleged, and Mr. Simoni received the calls solely because he is a registered nurse with a residence in Monmouth County, New Jersey.[3]

Moreover, Care One's investigation has revealed that Mr. Simoni or someone on his behalf voluntarily provided his name and cellular telephone number to Guide Publications, which in turn placed calls to Mr. Simoni to announce a Care One career fair. In other words, it appears that Plaintiff and Mr. Simoni, who are "professional" class action plaintiffs,[4] set up this

---

[2] Care One's vendor that made the calls, Guide Publications, Inc. ("Guide Publications"), states in the Declaration of Michael Beson In Support Of Defendant's Motion For Sanctions ("Beson Declaration") that it called Mr. Simoni, not Plaintiff, on a cellular telephone number Mr. Simoni or someone on his behalf provided to Guide Publications in or before February 2013. Thus, Plaintiff and Mr. Simoni know Plaintiff was never the intended recipient of the calls, which Guide Publications placed to Mr. Simoni's cellular telephone.

[3] Plaintiff admits in the Complaint the calls announced a job fair. As such, they are not sales calls, "telephone solicitations" or "telemarketing" under the TCPA and related regulations. See Lutz Appellate Services, Inc. v. Curry, 859 F. Supp. 180, 181 (E.D. Pa. 1994) ("company's advertisement of available job opportunities within its ranks is not the advertisement of the commercial availability of property."); Physicians HealthSource, Inc. v. Janssen Pharmaceuticals, Inc., 2013 WL 486207, *4 (D.N.J. Feb. 6, 2013) (unpublished opinion; copy attached to Clare Declaration as Exhibit M) (statements that do not promote the commercial availability or quality of a good or service are informational messages exempt from the TCPA; whether the sender will ultimately obtain an ancillary commercial benefit from sending an informational message does not alter this classification.). Plaintiff's misuse of these terms in its Complaint and motion for judgment on the pleadings is misleading. See e.g., Clare Declaration ¶ 2, Exhibit A, Complaint at 1-2 and ¶¶ 12-22; see also 47 U.S.C. § 227(a)(4)("The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization."); and see 47 C.F.R. § 64.1200(f)(11)("The term telemarketer means the person or entity that initiates a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.").

[4] Since February 2013, Plaintiff is the named plaintiff in at least seven (7) class action lawsuits, including this frivolous action, and his attorney Mr. Simoni is the named plaintiff in at least four (4) class actions filed since April 2013. Clare Declaration, ¶¶ 9-10.

lawsuit, filing it in Plaintiff's name to conceal that Mr. Simoni gave his prior express consent to be contacted by Guide Publications, and falsely asserting, over and over, that Plaintiff received the calls.

In addition, on July 2, 2014, Mr. Simoni filed a frivolous motion for judgment on the pleadings on behalf of Plaintiff pursuant to Fed. R. Civ P. 12(c), in which he falsely states as a fact that Care One "admitted" in its Answer that it violated the TCPA. In reality, Care One categorically denied that it violated the TCPA, or made any illegal calls, and denied each and every one of the remaining substantive allegations in the Complaint. Plaintiff's motion for judgment on the pleadings, therefore, is completely frivolous, and lacked any good faith basis for Mr. Simoni to have filed it, other than to mislead the Court, harass Care One, and increase the cost of litigation to Care One, which was forced to expend time and resources to oppose Plaintiff's frivolous motion.

Plaintiff and Mr. Simoni have engaged in egregious conduct that violates Rule 11 and constitutes a reprehensible abuse of the judicial system. Given the blatant and intentional nature of their misconduct, a significant sanction is warranted – and necessary – to deter others from engaging in such behavior. Under the circumstances, Care One respectfully requests that the Court impose the ultimate sanctions of dismissing the Complaint with prejudice, barring Plaintiff and Mr. Simoni from amending or refiling the action, and requiring Plaintiff and Mr. Simoni to pay Care One's attorney's fees and costs, from the inception of the matter through this motion.

## STATEMENT OF FACTS[5]

### The Complaint and Answer

Mr. Simoni filed this lawsuit in Plaintiff's name on February 3, 2014. Clare Declaration, ¶ 2, and Exhibit A. Mr. Simoni identifies Mr. Sacchi as Plaintiff, individually and as a class representative, who brings this action for alleged violations of the TCPA in contacting Plaintiff multiple times via Plaintiff's cellular telephone to "solicit sales" and attendance at a job fair by use of an artificial or prerecorded voice in violation of the TCPA. Complaint, pp. 1-2 (unnumbered paragraphs). Cf. Beson Declaration, ¶¶ 9-10, verbatim transcripts of calls. The calls announced a Care One career fair only, and did not solicit any "sales."

Plaintiff and Mr. Simoni repeat their false allegations against Care One again at ¶¶ 12-22 of the Complaint. Mr. Simoni repeats that "…in or about January 2014, Plaintiff received multiple telephone solicitations by Defendants [sic] to Plaintiff's cellular telephone number..." Complaint, ¶ 12. He continues, "Plaintiff had not consented to any one, more or all of the solicitations." Complaint, ¶ 13. Plaintiff alleges, "These unsolicited telephone calls were placed to Plaintiff's cellular telephone and utilized an "artificial or pre-recorded voice" to transmit a message as prohibited by [the TCPA], 47 U.S.C. § 227(b)(1)(B)." Complaint, ¶ 14.[6]

---

[5] The Statement of Facts is based on the accompanying Clare Declaration, with exhibits, and Beson Declaration. Mr. Beson is the President and owner of Guide Publications.

[6] Plaintiff and Mr. Simoni erroneously cite 47 U.S.C. § 227(b)(1)(B), which prohibits certain calls made to residential telephone lines. However, as Plaintiff admits in the Complaint and repeats his in motion for judgment on the pleadings, the sole basis for Plaintiff's alleged claims against Care One are two (2) calls placed to Plaintiff's cellular telephone, to which 47 U.S.C. § 227(b)(1)(B) does not apply. Rather, 47 U.S.C. § 227(b)(1)(A)(iii), applicable to calls to cellular telephones, is the only section of the Act applicable to Plaintiff's allegations. See Gager v. Dell Financial Services, LLC, 727 F.3d 265, 273 (3rd Cir. 2013)(refusing to blur distinction between cellular and residential lines under the Act and related regulations.).

4

The Complaint states, "Plaintiff did not provide any one, more or all Defendants [sic], nor any agent of Defendants [sic], prior express consent to cause Plaintiff to receive telephone calls on his cellular telephone number..." Complaint, ¶ 16. The Complaint further states, "Plaintiff had placed his cellular telephone number on the "National Do-Not-Call Registry" years prior to Defendants' [sic] first telephone call and never removed his telephone number therefrom." Complaint, ¶ 17. Further, Plaintiff alleges, "Plaintiff had no prior business relationship with any one, more, or all of Defendants [sic]." Complaint, ¶ 18. Plaintiff alleges, also erroneously, "The telephone Sales Calls therefore violated 47 U.S.C. 227(c)(3)(F) and 47 C.F.R. 64.1200(c)(2)." Complaint, ¶ 19.[7] Plaintiff further alleges, "At the time Defendants [sic] made their illegal pre-recorded telemarketing call to Plaintiff's telephone number, that number *was registered on the National Do-Not-Call Registry maintained by the federal government.*" (Italics added.) Complaint, ¶ 21.[8]

In its Answer to the Complaint, Care One denied each and every one of Plaintiff's and Mr. Simoni's repeated false statements, admitting only that it had telephone calls made on its behalf to New Jersey registered nurses offering employment at Care One's facility(ies) in Monmouth County, New Jersey, and otherwise denying the remaining allegations in the

---

[7] 47 U.S.C. 227(c)(3)(F) provides for establishment and operation of a single national database to compile a list of telephone numbers of *residential* subscribers who object to receiving telephone solicitations. 47 C.F.R. 64.1200(c)(2) provides no person or entity shall initiate any telephone solicitation to a *residential* telephone subscriber who has registered his or her telephone number on the national do-not-call registry. These sections do not pertain to cellular telephone numbers such as Mr. Simoni's.

[8] Plaintiff's and Mr. Simoni's use of the word telemarketing is a distortion and misleading. The term telemarketer is specifically defined in the TCPA regulations. 47 C.F.R. § 64.1200(f)(11). See fn. 3, above.

5

Complaint.  Clare Declaration, ¶ 3, Exhibit B, at 1-2 (response to unnumbered paragraphs in Complaint), and ¶¶ 2, 3, 12-15, 19, 21 and 23-54.[9]

Mr. Simoni is a registered nurse.  Clare Declaration, ¶ 7, Exhibit F.  Plaintiff is not; nor is he otherwise a licensed healthcare professional.  Clare Declaration, ¶ 8, Exhibit G.

### Guide Publications and Calls to Mr. Simoni

Guide Publications has been in business for approximately 15 years.  It is a niche publishing company located in Long Branch, New Jersey that produces regional and national recruitment guides, print and online marketing materials.  Beson Declaration, ¶ 2.

Guide Publications also hosts career fairs in healthcare and other fields, for itself and on behalf clients such as Care One, in New Jersey and other states.  Beson Declaration, ¶ 3.  At career fairs, Guide Publications collects contact information – names, telephone numbers, cellular telephone numbers, e-mail addresses and other professional information – from attendees for the express purpose of notifying them of future job openings and career fairs.  Id.

When it receives information at career fairs, Guide Publications obtains each attendee's prior express consent to call and e-mail them regarding job opportunities and future career fairs.  Beson Declaration, ¶ 5.  If an attendee refuses to provide their consent, Guide Publications will not add their contact information to its list and does not contact them.  Id.

Guide Publications also obtains contact information for healthcare professionals through outside vendors.  Beson Declaration, ¶ 6.  The vendors obtain their information from public records for healthcare professionals from New Jersey and other states.  Id.  Before providing

---

[9] When asked to provide Plaintiff's cellular telephone number to Care One to assist in its investigation and possibly resolve the case, Mr. Simoni refused, multiple times.  Clare Declaration, ¶ 5, Exhibit D.  After Care One served this motion, Mr. Simoni admitted that the telephone number Guide Publications called is his cellular telephone number, but asserts that Plaintiff is the "subscriber" to the cellular telephone number.

6

their information to Guide Publications, Guide Publications requests the vendors to match their information against the national do-not-call registry, and screen out those numbers listed on the registry.  Id.

Guide Publications received contact information – name, cellular telephone number and e-mail address – of plaintiff's counsel, Mr. Simoni, at one of its healthcare career fairs for registered nurses and other healthcare professionals in or before February 2013.  Beson Declaration, ¶ 7.  Mr. Simoni or someone on his behalf voluntarily provided his contact information to Guide Publications at a Guide Publications career fair.  Id.  Guide Publications did not obtain Mr. Simoni's contact information from any of its outside vendors.  Beson Declaration, ¶ 8.

Mr. Simoni has been receiving Guide Publications' email newsletters since June 29, 2012, and he has opened twenty-eight of them.  Beson Declaration, ¶ 9.

In January 2014, Guide Publications placed two (2) calls to nurses and other healthcare professionals only – registered nurses ("RN's"), licensed practical nurses ("LPN's"), certified nursing assistants ("CNA's") and assistant directors of nursing ("ADON's") – on behalf of Care One, announcing a nursing career fair at its Atlantic Highlands, Monmouth County, New Jersey facility.  Beson Declaration, ¶ 10.  A true and complete transcript of Guide Publications' January 19, 2014 telephone call on behalf of Care One is as follows:

> RN's, LPN's, CNA's and ADON's. Don't miss Care One at King James' nursing career fair this Tuesday, January 21st from 10:00 am to 4:00 pm at Care One at King James.  We are located at 1040 Route 36, Atlantic Highlands, New Jersey.  We have full time, part time and pier diem shifts available.  We offer competitive salaries and benefits package.  For more information please call Care One at King James, 732-291-3400.  Our number again is 732-291-3400.  Thank you.

Id.

7

A true and complete transcript of Guide Publications' January 22, 2014 telephone call on behalf of Care One is as follows:

> RN's, LPN's, CNA's and ADON's. Don't miss Care One at King James nursing career fair this Thursday, January 23rd from 10:00 am to 4:00 pm at Care One at King James. We are located at 1040 Route 36, Atlantic Highlands, New Jersey. We have full time, part time and pier diem shifts available. We offer competitive salaries and benefits package. For more information please call Care One at King James, 732-291-3400. Our number again is 732-291-3400. Thank you.

Beson Declaration, ¶ 11.

During the week of January 19, 2014, New York and New Jersey, including Monmouth County, experienced a severe winter snow storm. Beson Declaration, ¶ 12. Because of the weather, Care One rescheduled its nursing career fair from January 21, 2014 to January 23, 2014. Id. As a result, Guide Publications called its list to announce the Care One career fair twice that week, on January 19, 2014 and January 22, 2014. Id.

As can be seen from the verbatim transcripts, the list of individuals that Guide Publications called on behalf of Care One for its job fair the week of January 19, 2014 consisted only of New Jersey RN's, LPN's, CNA's, and nurses aides. Beson Declaration, ¶ 13. Plaintiff is none of those. Id. and Clare Declaration, ¶ 9. Mr. Simoni, who is a registered nurse residing in Monmouth County, New Jersey, is on Guide Publications' list of people it called the week of January 19, 2014, and it was Mr. Simoni that Guide Publications called. Beson Declaration, ¶ 14.

Guide Publications has been a vendor to Care One for approximately ten (10) years. Beson Declaration, ¶ 15. It never has received a complaint concerning any calls it made on behalf of Care One. Id. In fact, Guide Publications has never received a single complaint

8

regarding any of its calls placed on its own behalf or on behalf of any of its clients in the fifteen years it has been in business.  Id.

Plaintiff's allegations of multiple, illegal calls by Care One and fictitious defendants (including Guide Publications) in violation of the TCPA are, thus, pure fiction.

### Plaintiff's Motion for Judgment on the Pleadings

On July 2, 2014, on behalf of Plaintiff, Mr. Simoni filed a motion for judgment on the pleadings pursuant to Fed. R. Civ P. 12(c), in which he falsely states that Care One "admitted" in its Answer that it violated the TCPA.  In reality, Care One categorically denied that it violated the TCPA, or made any illegal calls, and denied each and every one of the substantive allegations in the Complaint.  Clare Declaration ¶ 3, and Exhibit B, Answer at 1-2 and 6; and see repeated allegations in the Complaint, and Care One's Answer at ¶¶ 2, 3, 12-15, 19, 21 and 23-54, all denials.  Plaintiff's motion for judgment on the pleadings, therefore, completely lacks any factual basis, and is frivolous pursuant to Fed. R. Civ. P. 11.

## LEGAL ARGUMENT

### I. PLAINTIFF AND MR. SIMONI ARE LIABLE FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 FOR REPEATEDLY ADVANCING FACTUAL ALLEGATIONS IN COURT FILINGS FOR AN IMPROPER PURPOSE AND WITHOUT EVIDENTIARY SUPPORT

Federal Rule of Civil Procedure 11(c) authorizes the imposition of sanctions against any party responsible for violating Rule 11(b). Fed. R. Civ. P. 11(c) ("if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the Rule or is responsible for the violation."). In this case, Plaintiff and Mr. Simoni have violated, or are responsible for violating, Rule 11(b)(1) and (b)(3) by repeatedly advancing factual allegations in court filings, including Plaintiff's Complaint and motion for judgment on the pleadings, for an "improper purpose" and without "evidentiary support."

Pursuant to Rule 11, one who presents a paper to the court - - "whether by signing, filing, submitting, or later advocating it" - - "certifies that to the best of the person's knowledge, information, and belief, before and after an inquiry reasonable under the circumstances:

> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> . . . . .
>
> (3) The factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discover [ ]

Fed. R. Civ. P. 11(b)(1) and (3).

"The legal standard for alleged violations of Rule 11 is reasonableness under the circumstances. Reasonableness is defined as an objective knowledge or belief at the time of the

10

filing of a challenged paper that the claim was well-grounded in fact and law." Amboy Bancorporation v. Jenkins & Gilchrist, 2007 WL 2746832, at *5(D.N.J. Sept. 14, 2007) (Cavanaugh U.S.D.J.) (internal citations and quotation marks omitted) (unpublished opinion; copy attached to Clare Declaration as Exhibit I). In other words, Rule 11 imposes a "duty of honesty to the judicial system." Cuttr Holdings LLC v. Patimkin, 2008 WL 352675 (Slip Copy), at *4 (D.N.J. Feb.7 2008) (unpublished opinion; copy attached to Clare Declaration as Exhibit J).

Courts consistently impose Rule 11 sanctions on represented parties who advance factual allegations – in filings signed by counsel, such as the Complaint and motion for judgment on the pleadings – that lack the requisite evidentiary support. See, e.g., id. (Rule 11 violation found where a represented party signed a false certification filed in connection with opposition to a motion for a temporary restraining order; party required to reimburse Defendants for "attorneys' fees and costs resulting from dishonesty"); Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 567-68 (5th Cir. 2006) (sanctions award affirmed where owner of plaintiff company could not articulate a factual link between any defendant and alleged wrongdoing); Nyitray v. Johnson, 1998 WL 67651, *14 (S.D.N.Y. Feb. 19, 1998) (unpublished opinion; attached to Clare Declaration as Exhibit L) (plaintiff sanctioned where complaint contained "unsupported contentions"), aff'd, 166 F.3d 1201 (2d Cir. 1998); Thomas Am. Corp. v. Fitzgerald, 175 F.R.D. 462, 466-67 (S.D.N.Y. 1997) (plaintiff's CEO sanctioned pursuant to Rule 11 for signing a declaration filed with Court asserting that an individual was his secretary when in fact she was not; holding the CEO violated his duty to "make a reasonable inquiry as to the truthfulness of the contentions" he asserted).

11

Here, Mr. Simoni and Plaintiff repeatedly have presented factual allegations without evidentiary support and for an improper purpose. As set forth above, the central "facts" alleged in the Complaint on which Plaintiff bases his TCPA allegations are false. Further, the "facts" Mr. Simoni and Plaintiff allege in support of Plaintiff's motion for judgment on the pleadings likewise are false, and Care One denied all such "facts" in its Answer to the Complaint.

As set forth above, Care One's investigation has revealed that Mr. Simoni or someone on his behalf voluntarily provided his contact information to Guide Publications at one of its career fairs, in February 2013, or earlier. Guide Publications later used that information to contact Mr. Simoni, not Plaintiff, to announce Care One's January 2014 career fair. See Beson Declaration, ¶¶ 7-9 and 14.

Again, it appears that Mr. Simoni and Plaintiff set up this lawsuit against Care One for their financial gain, and filed suit in Plaintiff's name to avoid the conclusion that Mr. Simoni, in February 2013, or earlier, voluntarily provided his prior express consent to be contacted by Guide Publications. Thus, *neither* Mr. Simoni nor Plaintiff have a viable claim under the TCPA against Care One (or Guide Publications) for making the calls.

The facts show that Guide Publications called Mr. Simoni, not Plaintiff, on his cellular telephone number to announce a Care One career fair. See Beson Declaration, ¶¶ 10, 11 (verbatim transcripts of calls) and 14. As such, the calls were not made to Plaintiff.

Further, as can be seen from transcripts of the calls, they clearly were not "solicitations" or "telemarketing," as alleged in the Complaint and Plaintiff's motion for judgment on the pleadings. See id., and Complaint, at p. 2, ¶¶ 2, 3, 12-15, 19, 21, 22, and Third through Sixth Counts; and see 47 U.S.C. § 227(a)(4); and 47 C.F.R. § 64.1200(f)(11). Plaintiff's use of the terms "sales," "solicitation" and "telemarketer" in the Complaint and Plaintiff's motion for

judgment on the pleadings, therefore, are misleading, and not based on any good faith basis to extend, modify or reverse existing law, or to establish new law. Fed. R. Civ. P. 11(b)(3). As such, they are frivolous. See Lutz Appellate Services, Inc. v. Curry, 859 F. Supp. 180, 181 (E.D. Pa. 1994) (company's advertisement of available job opportunities within its ranks is not the advertisement of the commercial availability of property goods or services.); Physicians HealthSource, Inc. v. Janssen Pharmaceuticals, Inc., 2013 WL 486207, *4 (D.N.J. Feb. 6, 2013) (statements that do not promote the commercial availability or quality of a good or service are informational messages exempt from the TCPA; whether the sender will ultimately obtain an ancillary commercial benefit from sending informational message does not alter this classification.); and see Friedman v. Torchmark Corp., 2013 WL 1629084, *4 (S.D. Cal. Apr. 16, 2013) (unpublished opinion; copy attached to Clare Declaration as Exhibit N) (defendants calls to Plaintiff regarding recruiting webinar constitute neither unsolicited advertisements nor telephone solicitations; an offer of employment is not "material advertising the commercial availability ... of any property, goods, or services" within the ordinary meaning of those words of the TCPA).

Moreover, to the extent Plaintiff merely "picked up" or answered calls made to his spouse's, Mr. Simoni's, cellular telephone, he was not the called party or intended recipient of the calls and lacks standing to pursue the claim. See Leyse v. Bank of America, Nat. Ass'n., 2010 WL 2382400, * 4 (S.D.N.Y. June 14, 2010) (unpublished opinion; copy attached to Clare Declaration as Exhibit K); and see Kopff v. World Research Group, LLC, 568 F.Supp.2d 39, 41-

13

42 (D.C.C. 2008)(plaintiff/wife who retrieved faxes from machine lacked standing to file suit under the TCPA because faxes were sent to a specific individual, plaintiff's husband.)[10]

## II. THIS COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO SANCTION PLAINTIFF AND MR. SIMONI FOR THEIR INEXCUSABLE ABUSE OF THE JUDICIAL SYSTEM

In addition to, or in lieu of imposing sanctions pursuant to Fed. R. Civ. P. 11, this Court should sanction Plaintiff and Mr. Simoni pursuant to its "*inherent* authority to impose sanctions upon those who would abuse the judicial process." Republic. of the Phil. v Westinghouse Elec. Corp., 43 F.3d 65, 73 (3d Cir. 1995)(italics in original)(citing Chambers v NASCO, Inc., 501 U.S. 32, 43-44 (1991)).

A Court may exercise its inherent authority to impose a sanction "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," such as when it "finds that fraud has been practiced upon it, or that the very temple of justice has been defiled…" Chambers, 501 U.S. at 45-46, 55-56 (affirming sanctions award against represented party in the amount of $996,644.65, which represented the entire amount of the other party's attorney's fees for the case, because of the frequency and severity of the abuses of the judicial system and the resulting need to ensure such abuses were not repeated")(citations and internal quotation marks omitted). When exercising its inherent authority, a Court enjoys wide latitude in fashioning an appropriate sanction. Westinghouse, 43 F.3d at 73, fn. 10. For the reasons discussed herein, Plaintiff's and Mr. Simoni's misconduct warrants extreme sanctions pursuant to this Court's inherent power as well as Rule 11.

---

[10] Standing is a separate issue from Mr. Simoni's and Plaintiff's deliberate deception of the Court (and Care One) by filing the Complaint in Plaintiff's rather than Mr. Simoni's name.

14

47967/0009-10641729v3

## **CONCLUSION**

For the foregoing reasons, Care One respectfully requests that this Court enter an Order sanctioning Plaintiff and Mr. Simoni pursuant to Fed. R. Civ. P. 11 and the Court's inherent authority, dismissing Plaintiff's Complaint with prejudice, barring Mr. Simoni from refiling the Complaint in his name, and granting any further relief this Court deems just and proper. Additionally, in order to deter others from engaging in the same conduct, Care One seeks its attorney's fees and costs incurred from the inception of this matter through this motion, all of which directly resulted from Plaintiff's and Mr. Simoni's willful violations of Rule 11.

DATED: August 22, 2014

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Attorneys for Defendant, Care One, LLC


By: s/ Michael D. Sirota
    Michael D. Sirota
    Jamie P. Clare
    Court Plaza North
    25 Main Street
    P.O. Box 800
    Hackensack, NJ 07602-0800
    201-489-3000
    201-489-1536 Facsimile