<u>**NOT FOR PUBLICATION**</u>

**UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN SACCHI, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARE ONE, LLC, and DOES 1 through 10, inclusive, <br><br> Defendants. | Civil Action No. 2:14-cv-00698 (SDW)(SCM) <br> Civil Action No. 2:14-cv-07175 (SDW)(SCM) <br><br> **OPINION** <br><br> June 30, 2015 |
| JOHN SACCHI and STEPHEN SIMONI, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MDB STAFFING LLC, GUIDE PUBLICATIONS, INC., CARE ONE, LLC, and DOES 1 through 10, inclusive, <br><br> Defendants. | |

**WIGENTON**, District Judge.

Before this Court are two motions: 1) a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), filed by Defendant Care One, LLC ("Care One") in Civil Action No. 2:14-cv-00698 (Dkt. No. 25) ("Sacchi I"); and 2) a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Care One, Guide Publications, Inc. ("Guide Publications"), and MDB Staffing LLC ("MDB Staffing") (collectively

"Sacchi II Defendants" or "Defendants") in Civil Action No. 2:14-cv-07175 (Dkt. No. 8) ("Sacchi II"). This Court has jurisdiction pursuant to 28 U.S.C. § 1332, venue is proper in this District under 28 U.S.C. § 1391(b), and pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Having considered the parties' written submissions, for the reasons stated herein, Defendants' motions are **GRANTED**.

I. **BACKGROUND**

   a. *Sacchi v. Care One, LLC et al ("Sacchi I")*

On February 3, 2014, Plaintiff, John Sacchi, filed a putative class-action complaint against Defendant Care One alleging that Care One maintained an illegal telephone solicitation practice in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) ("TCPA" or "the Act").[1] See Sacchi I Compl. ¶ 2. In particular, Plaintiff alleged that in or about January 2014, Care One called his cellular telephone number, which is listed on the National Do-Not-Call Registry, on multiple occasions without prior consent and left pre-recorded voice messages inviting him to attend a Care One career fair. Id. ¶¶ 12-23.

Care One, a Delaware corporation headquartered in New Jersey, "markets and sells residential health services to medically compromised individuals." Id. ¶ 1. In its Answer to the Complaint, Care One denied all allegations, admitting only that telephone calls were made on its behalf to registered nurses throughout New Jersey to inform them of employment opportunities at Care One facilities in New Jersey. See Care One Answer, p. 1, ¶¶ 2-54.

---

[1] In his complaint, Plaintiff erroneously cites to 47 U.S.C. §227(b)(1)(B), which places restrictions on telephone solicitations made to residential telephone lines. Because the calls at issue were made to a cellular telephone, for the purpose of this opinion, this Court will assume that Plaintiff intended to cite to 47 U.S.C. §227(b)(1)(A)(iii), which governs telephone solicitations made to cellular telephone numbers.

The calls at issue were made by Guide Publications, a publishing company located in Long Branch, New Jersey, that provides regional and national recruitment guides, distributes print and online marketing materials, and importantly, hosts career fairs for itself and on behalf of corporations like Care One. See Dkt. No. 25, Declaration of James Clare ("Clare Decl."), Ex. C., Declaration of Michael Beson in Support of Defendant's Motion for Sanctions ("Beson Decl."), ¶¶ 1-3. At career fairs, Guide Publication collects the attendees' contact information including names, land line and cellular telephone numbers, e-mail addresses and other professional information, with the express purpose of notifying them of career opportunities and future career fairs. Id. ¶ 3. A contact list is then populated from the information of attendees who consent to receive future correspondence from Guide Publications and its clients. Id. ¶ 5. Guide Publications also obtains some of its contact information from outside vendors, who are required to screen out numbers listed on the Do-Not-Call Registry. Id. ¶ 6.

Plaintiff is not a healthcare professional. However, Plaintiff's spouse and attorney of record, Steven J. Simoni ("Simoni"), is a registered nurse. Guide Publications claims to have obtained the telephone number at issue from Simoni in or before February 2013 when he attended one of its career fairs. Beson Decl. ¶ 7.[2] Reportedly, Simoni has also been receiving email newsletters from Guide Publications since June 29, 2012, and has opened twenty-eight of them. Id. ¶ 7.

In January 2014, acting on Care One's behalf, Guide Publications placed two calls to the healthcare professionals on its contact list to announce an upcoming Care One career fair. Beson Decl. ¶¶ 10-11. The first pre-recorded message, transmitted on January 19, 2014, stated:

---

[2] Simoni denies that he attended a Care One career fair or that he consented to receive calls from Care One or its affiliates. See Sacchi II Compl., at ¶ 25 n.2 ("In fact, Simoni lived in California in February 2013, has not worked as a nurse in New Jersey since 2010, and has never attended a Guide Publications job fair.").

3

> "RNs, LPNs, CANs, and ADONs,[3] don't miss Care One at King James Nursing career fair this Tuesday, January 21st from 10:00 a.m. to 4:00 p.m. at Care One at King James. We are located at 1040 Route 36, Atlantic Highlands, New Jersey. We have full time, part time, and pier diem [sic] shifts available. We offer competitive salaries and benefits package. For information please call Care One at King James, 732-291-3400. Our number again is 732-291-3400. Thank you."

Beson Decl. ¶ 10. Due to a severe snow storm in the greater New Jersey area, the career fair was postponed from January 21st to January 23rd. Id. ¶ 12. Consequently, on January 22, 2014, Guide Publications sent a second pre-recorded message to its contact list announcing the new date. Ibid. Shortly thereafter, Plaintiff filed a six-count class action complaint asserting: (1) violations of the TCPA "RoboCall" Prohibition codified at 47 U.S.C. § 227(b)(1)(B);[4] (2) knowing and willful violations of the TCPA "RoboCall" prohibition; (3) violations of the TCPA "Sales Call" prohibition codified at 47 U.S.C. § 227(c)(3)(F); (4) knowing and willful violations of the TCPA "Sales Call" prohibition; (5) trespass to chattel; (6) conversion. See Sacchi I Compl., ¶¶ 34-54.

On July 31, 2014, after nearly seven months of withholding the actual telephone number that allegedly received the calls from Care One, Simoni admitted that the subject telephone number, although paid for by Sacchi, is assigned to Simoni's cellular telephone and is the primary office telephone number listed on the letterhead for his legal practice. Clare Decl. ¶ 5. Also, on September 22, 2014, in response to questioning by the Court during oral argument on Plaintiff's motion for judgment on the pleadings, which was denied, Simoni again admitted that the calls were made to his telephone number. Clare Decl. ¶ 6; Dkt. No. 24, Transcript of September 22 Motion Hearing, 14:3 to 15:6. Notwithstanding this admission, Simoni posited that even though Plaintiff Sacchi was not the targeted party, as the subscriber to the subject cellular phone, Sacchi

---

[3] RN stands for "Registered Nurse"; LPN, "Licensed Practical Nurse"; CNA, "Certified Nursing Assistant"; and ADON means "Assistant Director of Nursing." Beson Decl. ¶ 10-11. ¶
[4] See footnote 1.

4

has standing to assert TCPA claims.  Ibid.  Simoni further commented that if Care One continued to challenge Sacchi's standing to pursue his claims, he would "file [his] own individual case." Id. at 14:17-18.

In light of the revelation that Simoni was the primary user of the cellular telephone, Care One moved for judgment on the pleadings. See Dkt. No 25.  Before responding to Care One's motion, Plaintiff filed a second complaint under a new civil action number asserting identical TCPA violations against Care One and its affiliates—Guide Publications and MDB Staffing—based upon the same allegedly illegal robo-calls identified in his first complaint. See Civil Action No. 2:14-cv-7175 ("Saachi II"), Dkt. No. 1.

### b. *Sacchi v. MDB Staffing, Guide Publications, and Care One. ("Sacchi II").*

On November 14, 2014, Sacchi instituted a second civil action against Care One. See Saachi II, Dkt. No. 1.  The second complaint essentially mirrors the first but for the following exceptions:  First, new parties are identified in Sacchi II.  Specifically, Simoni and Sacchi are joint plaintiffs and class representatives, while MBD Staffing, LLC[5] and Guide Publications are named as Care One's co-defendants.  Sacchi II, Dkt. No. 1.  Secondly, Plaintiffs abandon the trespass to chattels and conversion claims alleged in counts five and six of the first filed complaint. Id.  Third, whereas in Sacchi I Plaintiff Sacchi claimed to be owner and user of the subject telephone number, in Sacchi II, Plaintiffs Sacchi and Simoni now assert that they both use the subject cellular telephone number and thus each possess standing to assert TCPA claims. (Compare Sacchi I, Dkt. No. 1 and Sacchi II, Dkt No. 1.)

---

[5] Guide Publications' owner, Michael Beson, is also the principal of MDB Staffing (now defunct). Sacchi II Complaint, ¶ 21; Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss, 2.

Defendants now move to dismiss the Second Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Sacchi II, Dkt. No. 8.  They assert that the changes in the Plaintiffs' allegations are not substantially different from their original claims because they relate to the same subject matter as the original alleged TCPA violations. Reply Memo, at 2, 5.  They also assert that the added defendants (Guide Publications and MDB Staffing) are not new, because they were included in Plaintiff Saachi's original complaint as "Does 1 through 10." Sacchi I Compl. at ¶¶ 12-23; Defs. Reply Br. at 6 ("Plaintiffs learned of the existence of Guide Publication and Mike Beson [owner of MDB Staffing] through Care One's … disclosure in the First-filed Action, and could have and should have amended the [First] Complaint at that time to name [them], but chose not to."). Defendants argue that Plaintiffs' collective standing theory is not supported by legal authority. Defs. Reply Br. at 8.

## II.    LEGAL STANDAR D

### a.  *Judgment on the Pleadings*

When examining a motion for judgment on the pleadings under Fed. R. Civ. Proc. 12(c), the court examines the pleadings in the same manner as it would a Rule 12(b)(6) motion to dismiss. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).  The court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id.  Judgment may only be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Id.  The court may rely only on the pleadings and documents integral to or relied on by the complaint. Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 256 n. 5 (3d Cir. 2004).

Therefore, this Court will examine the content of the subject telephone call. Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir. 2004).

### b. *Motion to Dismiss under Rule 12(b)(6)*

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Smith v. Barre, 517 F. App'x. 63, 65 (3d Cir. 2013) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

7

misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

In Fowler v. UPMC Shadyside, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. Id. at 210-11. Having done that, the court must take only the factual allegations as true and determine whether the plaintiff has alleged a "plausible claim for relief." Id. (quoting Iqbal, 566 U.S. at 679).

### III. DISCUSSION

#### a. Sacchi I: Judgment on the Pleadings.

Care One contends that Sacchi lacks statutory standing to assert claims under the TCPA because he was not the "called party" i.e. the intended recipient of the call at issue.  Sacchi counters that while he may not be the "called party", as the listed subscriber of the subject telephone number—and the party charged for the illegal calls—he has standing to seek recovery for his economic harm under the TCPA.

"For a federal court to have subject-matter jurisdiction over an action, the plaintiff must have standing to bring the action in the first instance." Music Sales Limited v. Charles Dumont & Son, Inc., No. 09-1443 (RMB), 2009 U.S. Dist. LEXIS 97534, 2009 WL 3417446, * 2 (Oct. 19, 2009). "There are three types of standing: constitutional, prudential, and statutory." Id. Here, the focus is on whether Sacchi has statutory standing under the TCPA to bring his claims. "Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury. To answer the question, we employ the usual tools of statutory interpretation. We look first at the text of the statute and

8

then, if ambiguous, to other indicia of congressional intent such as the legislative history." Graden v. Conexant Systems Inc., 496 F.3d 291, 295 (3d Cir. 2007) (emphasis in original) (citing In re Mehta, 310 F.3d 308, 311 (3d Cir. 2002)).

The TCPA generally makes it unlawful for any person, without the called party's prior express consent, to use an automatic telephone dialing system or an artificial or prerecorded voice message to call any emergency telephone line, hospital patient, pager, cellular telephone, or other service for which the receiver is charged for the call. 47 U.S.C. § 227(b)(1)(A). The TCPA provides for a private right of action for violations of its provisions or any implementing regulations and allows for statutory damages of $500 for each violation of the statute. 47 U.S.C. § 227(b)(3), (c)(5). A statute may permit recovery of statutory damages for statutory violations even when the plaintiff has not suffered actual damages. Cf. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 307 (2d Cir. 2003) (finding plaintiff has standing to sue for violation of Fair Debt Collection Practices Act ("FDCPA") even though plaintiff did not suffer actual damages); Ehrich v. I.C. Sys., Inc., 681 F. Supp. 2d 265, 2010 WL 301965, at *2 (E.D.N.Y. 2010) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)) (same). The "called party" has standing to bring suit against a person or entity that violates the TCPA, even if the called party has suffered no actual harm. See 47 U.S.C. 227(b)(1)(B); Landsman & Funk, P.C. v. Lorman Bus. Ctr., Inc., No. 08 Civ. 481, 2009 U.S. Dist. LEXIS 18114, 2009 WL 602019, at *3 (W.D. Wis. Mar. 9, 2009) (finding allegation that defendant sent fax to plaintiff in violation of TCPA sufficient basis for standing because Congress created "legally enforceable bounty system[] for assistance in enforcing" the TCPA).

In support of its argument that Sacchi is not the "called party" and is therefore without standing, Care One relies upon this Court's holding in Leyse v. Bank of America, N.A., 2014 U.S.

Dist. LEXIS 125527.  The plaintiff in Leyse sought statutory damages under the TCPA for a telephone call made by DialAmerica on behalf of Bank of America to the residential telephone number subscribed to by plaintiff's roommate, which plaintiff happened to pick up.  In addressing the Leyse plaintiff's contention that the TCPA grants *any* person or entity, even the fortuitous recipient of a telephone call directed at the telephone subscriber, standing to recover statutory damages, this Court embraced the analysis of the Honorable John G. Koeltl, U.S.D.J. in Leyse I, an identical case filed by the Leyse plaintiff in the Southern District of New York, in which Judge Koeltl reasoned that:

> If any person who receives the fax or answers the telephone call has standing to sue, then businesses will never be certain when sending a fax or placing a call with a prerecorded message would be a violation of the TCPA. Under the statute, a business is permitted to send a fax or phone call with a prerecorded message to persons who have given prior express consent . . . . See 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(2)(iv). When a business places such a call or sends such a fax, it does not know whether the intended recipient or a roommate will answer the phone or receive the fax.  If the business is liable to whomever happens to answer the phone or retrieve the fax, a business could face liability even when it intends in good faith to comply with the provisions of the TCPA.

Leyse, 2010 U.S. Dist. LEXIS 58461, at *12-13. Courts within this District have also adopted the "intended recipient" test in assessing a plaintiff's standing to assert TCPA claims.  In Cellco P'ship v. Wilcrest Health Care Mgmt., a Court in this District agreed with the "burgeoning body of case law [which] establishes that only the 'called party,' i.e., the 'intended recipient,' has statutory standing to bring suit under the TCPA." 2012 U.S. Dist. LEXIS 64407, at *18 (citing Cellco P'ship v. Dealers Warranty, LLC, 2010 U.S. Dist. LEXIS 106719, at *9-10; Leyse v. Bank of Am., 2010 U.S. Dist. LEXIS 58461, at *1 (S.D.N.Y. June 14, 2010); Kopff v. World Research Grp., LLC, 568 F.Supp.2d 39, 40-42 (D.D.C. 2008)).

10

At this juncture, it is necessary to note that Plaintiffs have consistently amended their theory for relief to fit with the facts as they shift, even at the risk of contradicting their earlier position. To illustrate: Sacchi initially asserted in his complaint that he is the subscriber and user of the subject telephone. After discovery revealed that Simoni used the cellular phone regularly for personal and business purposes and was most likely the target of the allegedly illegal calls, given that Simoni was a registered nurse, Sacchi argued that he nonetheless has an independent right, as the telephone subscriber, to bring TCPA claims. Next, Sacchi, joined by Simoni, filed a second complaint, wherein they allege that they both use the phone and each have equal standing to assert TCPA claims based on the same alleged violation.

What is apparent from the competent facts before this Court is that while Sacchi is the listed subscriber, his spouse and attorney, Simoni, is the regular user of the subject telephone number. Simoni admitted that he uses the subject cellular telephone number for personal and business purposes: the number is listed on the letterhead for his legal practice and was provided to the New Jersey Department of Consumer Affairs when he applied to be licensed as a registered nurse in the state. See Sacchi II Compl., ¶ 16. The facts also support the conclusion that Simoni was the intended recipient of Care One's communication: as a registered nurse in the state of New Jersey, he is part of Care One's targeted audience. Moreover, Simoni has been receiving emails from Care One through its vendor, Guide Publications, since 2012, and has opened some of them. Lastly, Guide Publications associated the subject telephone number to Simoni's name in its records, not Sacchi's. Plaintiffs do not cite, and this Court was unable to find, authority to support the proposition that both Simoni and Sacchi have different but equal bases to pursue TCPA claims. Rather, as held in Cellco P'ship v. Wilcrest Health Care Mgmt., the TCPA allows only one recovery per each allegedly illegal call. 2012 U.S. Dist. LEXIS 64407, at *24 (D.N.J. May 8,

11

2012)(citing Charvat v. GVN Mich., 561 F.3d 623, 630-33 (6th Cir. 2009)).[6] The proper plaintiff here is Simoni, not Sacchi. Therefore, Care One is entitled to judgment on the pleadings. Sacchi's first complaint is dismissed.

### b. *Sacchi II: Motion to Dismiss*

Sacchi II will be dismissed as improperly filed. It is axiomatic that a plaintiff may not simultaneously maintain two identical causes of action against the same parties. As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another suit in federal court. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (prohibiting a plaintiff from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant."). Here, all of the causes of action alleged in the second complaint are based on facts that had accrued at the time that the initial complaint was filed, and involves parties known to Plaintiffs well within time for Plaintiffs to seek leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15 (a). Plaintiffs' arguments to the contrary are plainly unpersuasive.

---

[6] For persuasive authority on point, see, e.g., Cellco v. Plaza Resorts, 2013 U.S. Dist. LEXIS 139337, 2013 WL 5436553, at *5 (S.D. Fla. Sept. 27, 2013) (finding that a subscriber who transfers primary use of a cell phone also transfers "the right to consent to the receipt of otherwise prohibited calls," thus conferring standing to the regular user of the cell phone); Manno v. Healthcare Revenue Recovery Grp., LLC, 289 F.R.D. 674, 683 (S.D. Fla. 2013) ("The thrust . . . is that a plaintiff's status as the 'called party' depends not on such technicalities as whether he or she is the account holder or the person in whose name the phone is registered, but on whether the plaintiff is the regular user of the phone and where the defendant was trying to reach him or her by calling the phone." (emphasis added)).

Plaintiffs argue that their second complaint is a different but related cause of action because it adds new parties and eliminates several claims asserted in the earlier filed action. Essentially, Plaintiffs argue that "because Simoni was not a party to the previous action, . . . [he] thereby had the right to bring his own TCPA claim and name new defendants, i.e., Guide Publications and MDB Staffing, rather than be relegated to joining a pending action." Sacchi II, Dkt. No. 9, Pl. Br. p. 4-5. Leaving aside the fact that the second complaint is not solely "Simoni's own" given that Sacchi is also a named plaintiff, it was unnecessarily filed as Simoni could have sought leave to add himself as a plaintiff in Sacchi I. As discussed above, there is no legal precedent permitting two plaintiffs to each assert concurrent TCPA claims on the basis of the same alleged violation. To add, Sacchi is not the called party and is therefore an improper plaintiff in this litigation.

As to the "newly added defendants", they were referred to in Sacchi I as "Does 1 through 10." In cases in which a plaintiff identified fictitious defendants in the complaint, New Jersey law permits the plaintiff to add new parties upon the discovery of their true identity. New Jersey Rule 4:26-4 governs fictitious pleading and states:

> In any action . . . other than an action governed by R. 4:4-5 . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

R. 4:26-4 (emphasis added). Therefore, when Guide Publications and MDB Staffing were identified during discovery in the initial action, Plaintiff could have and should have moved to amend the complaint to state their true names. He failed to do so. Undeniably, at their core, Sacchi I and Sacchi II each concern the recovery of statutory damages for alleged TCPA violations

stemming from two telephone calls placed to Simoni's cellular telephone in January 2014. Plaintiff cannot maintain two parallel causes of action to litigate this single issue against the same parties before this Court.

Lastly, Sacchi II names Simoni as both class representative and class counsel. Plaintiffs must be mindful of the Third Circuit's long-standing prohibition against attorneys serving in the dual capacities of class representative and attorney of record. See Kramer v. Scientific Control Corp., 534 F.2d 1085, 1090 (3d Cir. 1976) (asserting that neither the class representative, nor other members of his firm, may serve as class counsel: "[N]o member of the bar either maintaining an employment relationship, including partnership or professional corporation, or sharing office or suite space with an attorney class representative during the preparation or pendency of a Rule 23(b)(3) class action may serve as counsel to the class if the action might result in the creation of a fund from which attorneys' fee award would be appropriate.").

**CONCLUSION**

For the reasons set forth above, Care One's motion for judgment on the pleadings in Sacchi I (14-00698, Dkt. No. 25) and Care One et al.'s motion to dismiss the complaint in Sacchi II (14-7175, Dkt. No. 8) are **GRANTED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

cc:   United States Magistrate Judge Steven C. Mannion.